IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00886-PSF-BNB

GRACE BROTHERS, LTD.;
BENEDICTE M. WIRTZ, as Trustee of Benedicte M. Wirtz Declaration
  of Trust dated 10/26/94; and
RICHARD R. CALLAHAN, JR., as Trustee of Richard R. Callahan, Jr.
  Declaration of Trust Dated 10/26/94,

    Plaintiffs,

v.

PETER G. FUTRO;
RANGELEY CORPORATION; and
FUTRO & ASSOCIATES, P.C.,

    Defendants.

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on plaintiffs' Motion for Summary Judgment (Dkt. # 37), filed on July 16, 2007. Defendants filed a response to the motion on August 6, 2007 (Dkt. # 43). Plaintiffs did not file a reply brief, but did file a "Supplemental Submission" in support of the motion on August 23, 2007 (Dkt. # 46), in which they requested that the Court consider an attached exhibit in ruling on the motion. Defendants filed objections to the supplemental submission on August 27, 2007 (Dkt. # 47). Having reviewed the parties' submissions and the applicable law, the Court enters the following Order.

**I.      BACKGROUND**

Plaintiffs filed the instant case on May 11, 2006, seeking to recover damages of approximately $750,000 they allegedly incurred when they were unable to resell in the public market U.S. MedSys Corporation ("MedSys") stock they had purchased in transactions involving defendants.  *See generally* Compl. (Dkt. # 1).  Plaintiffs claim defendants misrepresented and omitted material facts during the negotiations relating to the MedSys stock sale.  Specifically, plaintiffs allege: defendants falsely represented they would register the MedSys stock purchased by plaintiffs with the Securities Exchange Commission ("SEC"); defendants knew the representation was false when it was made; and the false representation was "integral" to plaintiffs' decision to purchase the stock.  Compl. ¶¶ 26–28, 30–38.  Plaintiffs bring statutory causes of action against defendants for violations of federal and Colorado securities laws, the Illinois Consumer Fraud and Deceptive Business Practices Act, and the Colorado Consumer Protection Act ("CCPA").  Plaintiffs also bring a claim for common law fraud.

After this action was filed, Defendant Peter G. Futro was indicted on, among other charges, a charge of conspiracy to commit securities and wire fraud "emanating from an illegal scheme to manipulate the stock of U.S. MedSys Corp."  Ex. 1 to Pl.s' Mot.  Futro pled guilty to the charges on February 6, 2007, in the United States District Court for the District of New Jersey, Criminal No. 07-85 (JBS).  During the hearing in which Futro's guilty plea was accepted, Futro made certain factual admissions concerning his conduct in connection with the criminal charges.  *See generally* Hrg.

Transcript, Ex. to Pl.s' Supp.[1]  As is relevant to plaintiffs' claims in this case, Futro admitted generally that he:

- caused false press releases, false private placement memoranda, false prospectuses, and false consulting agreements to be issued that were designed to induce investment into MedSys through the purchase of MedSys stock;

- conspired with others to commit securities fraud and wire fraud in connection with the purchase and sale of MedSys securities; and

- caused false filings to be made with the SEC for MedSys that were designed to induce investment into MedSys through the purchase of MedSys stock.

*Id.* at 50–52.  Futro also admitted more specifically that he:

- caused private placement memoranda to be issued in January 2004 and August 2004 that falsely claimed MedSys would use money received from the sale of MedSys stock pursuant to the memoranda to pursue MedSys's business plan, when in reality he and his co-conspirators intended to use the money for their personal benefit;

- caused a press release to be issued on February 12, 2004, designed to induce investment into MedSys, which falsely announced MedSys had entered into an agreement with a company to purchase medical equipment that MedSys could use to generate substantial income, when in reality MedSys never intended to purchase such equipment;

- caused a MedSys prospectus to be issued on July 12, 2004, designed to induce investment into MedSys, that falsely described MedSys's operations and business plan; and

- caused a Form 10-QSB to be filed with the SEC in November 2004 that falsely stated MedSys had acquired certain medical billing codes that would render tests done with MedSys products eligible for reimbursement by insurance carriers.

*Id.* at 53–55.

---

[1]  As indicated above, defendants object to the Court's consideration of the transcript, complaining it was untimely and had not been disclosed under F.R.Civ.P. 26(a) or listed as an exhibit in the Final Pretrial Order.  The Court concludes the exhibit should be considered and overrules the objection.

At his deposition in the instant case, Futro asserted his Fifth Amended privilege against self-incrimination in response to questions concerning his role in the alleged fraudulent sale of MedSys stock to plaintiffs.  *See generally* Ex. 2 to Pl.s' Mot.

## II.   STANDARD OF REVIEW

Summary judgment for the moving party is appropriate when there is no genuine issue as to any material fact in the pleadings, depositions, answers to interrogatories, admissions, and affidavits.  F.R.Civ.P. 56(c).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of Colo., Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  F.R.Civ.P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324.  In deciding a motion for summary judgment, the court must view the factual record in the light most favorable to the nonmovant.  *Applied Genetics Int'l v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

## III.   ANALYSIS

Plaintiffs contend they are entitled to summary judgment on all claims based on Futro's guilty plea and the factual admissions he made in connection therewith.  Plaintiffs also contend Futro's assertion of his Fifth Amendment privilege during his deposition "permits the Court to reach the only conclusion that Futro was engaged in the fraudulent sale of securities to the Plaintiffs."  Pl.s' Mot. at 4–5.

Plaintiffs have wholly failed to satisfy their burden under F.R.Civ.P. 56. First, the Court notes that plaintiffs' complaint fails to identify the specific substantive provisions of the federal and state securities laws that defendants are alleged to have violated. The Court presumes, based on the factual allegations, that plaintiffs are claiming violations of the anti-fraud provisions of those statutes, specifically Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), Section 12(a) of the Securities Act, *id.* § 77l(a), and the state counterparts in the Colorado Securities Act. C.R.S. §§ 11-51-501, 11-51-604(4). Plaintiffs' summary judgment briefing is similarly vague, citing generally to Futro's admissions during the plea hearing and summarily asserting that those admissions entitle plaintiffs to summary judgment on all their claims.

The Court recognizes that, in some circumstances, admissions made by a defendant in connection with a criminal proceeding can support summary judgment in favor of a plaintiff in a civil case based on the same facts. *E.g. SEC v. Wolfson*, No. 2:02 CV 1086 TC, 2006 WL 1214994 (D. Utah May 5, 2006) (summary judgment in favor of SEC in civil action appropriate when defendant had "already admitted under oath—in the criminal proceeding against him—that he took the actions that form the basis of the SEC's current, civil complaint against him"). However, in this case plaintiffs have failed to sufficiently tie the content of Futro's admissions to the alleged fraudulent conduct that appears to be the sole basis of *all* of plaintiffs' claims—*i.e.,* that defendants knowingly misrepresented to plaintiffs that the MedSys stock they purchased would be registered with the SEC.

Moreover, leaving aside that Futro has not admitted to making the specific misrepresentations alleged by plaintiffs, the misrepresentations to which he has admitted are still insufficient to entitle plaintiffs to summary judgment on their causes of action. To prevail on their fraud-based claims, whether under statutory or common law, plaintiffs in part must prove they relied on defendants' misrepresentations or that there is a causal connection between the misrepresentations and the sale of the stock to plaintiffs. *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003) (cause of action under Section 10(b) and SEC's Rule 10b-5 promulgated thereunder requires reliance by plaintiff on misleading statements); *Brooks v. Land Drilling Co.*, 574 F. Supp. 1050, 1054 (D. Colo. 1983) (requiring proof of "some causal connection between the challenged communication and the sale, even if not 'decisive,'" to prevail in Section 12(a) action); *Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095, 1102 (Colo. 1995) (cause of action under state securities law requires proof that plaintiff relied on defendant's conduct to his or her detriment, or that defendant's conduct caused plaintiff's injury); *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998) (CCPA plaintiff must show defendant's actions caused the plaintiff's injury); *Fasing v. LaFond*, 944 P.2d 608, 612 (Colo. App. 1997) (element of common law fraud claim is reasonable reliance on alleged misrepresentations). Because plaintiffs are the ones moving for summary judgment, it is their burden to demonstrate there is no genuine issue of material fact as to each element of each of their claims. Futro's factual admissions are insufficient to satisfy plaintiffs' burden, as they do not specifically address plaintiffs' purchase of the MedSys stock at all, let alone whether there was a causal connection

between Futro's admitted misrepresentations and plaintiffs' injury or whether plaintiffs relied on the misrepresentations in purchasing the stock.[2]

In addition, plaintiffs have presented absolutely no evidence of their damages. Plaintiffs claim they are entitled to damages of $750,000, which purportedly represents the amount plaintiffs collectively paid for the MedSys stock. However, plaintiffs have attached no evidence to their summary judgment motion in support of their assertion regarding the amount of the stock purchase.

Finally, Futro's assertion of his Fifth Amendment privilege during his deposition does not entitle plaintiffs to summary judgment. Plaintiffs rely on the proposition that assertion of the privilege is not "a substitute for evidence that would assist in meeting a burden of production." *United States v. Rylander*, 460 U.S. 752, 758 (1983). The Court recognizes that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Indeed, at trial it may be appropriate for the Court as fact-finder to draw such adverse inferences. However, "the evidence produced by a nonmoving party's silence is not sufficiently weighty to carry a moving party's burden in a motion for summary judgment. In other words, the plaintiff's motion for summary judgment must stand or fall on the merits of the evidence adduced." *Fidelity Funding of Cal., Inc. v. Reinhold*, 79 F. Supp. 2d 110, 116 (E.D.N.Y. 1997); *see also SEC v. Global Telecom Services, L.L.C.*, 325 F. Supp.

---

[2] Futro's factual admissions also do not address plaintiffs' claims in this case against the other two defendants, Futro & Associates, P.C. and Rangeley Corporation.

7

2d 94, 109 (D. Conn. 2004) (notwithstanding defendant's silence based on invocation of Fifth Amendment, "[p]laintiff still must meet its burden of proof, and [d]efendants' silence, alone, does not automatically give rise to their liability") (citing *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994)). Thus, Futro's refusal to testify, standing alone, does not supply plaintiffs with the evidence they need to be entitled to summary judgment on their claims.

## IV.  CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Summary Judgment (Dkt. # 37) is DENIED. The status conference currently set for Monday, October 22, 2007 is VACATED. The parties are directed to confer and jointly contact the undersigned's Chambers at 303-335-2174 to set this case for trial.

DATED:  October 12, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge